■ CONTINENTAL VARIETY, INC., Appellant, v MARK BENNETT, Doing Business as TOKAY SALES, Respondent.—In an action to recover for goods sold and delivered, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Stolarik, J.), dated June 26, 1985, as, upon denying the plaintiff's motion to compel the defendant to appear for an oral deposition, imposed "statutory motion costs of $20.00 upon the plaintiff's attorney[s]" and directed the attorneys to provide their client with a copy of the court's decision.

Ordered that the appeal is dismissed, without costs or disbursements.

The notice of appeal was filed in the plaintiff's name. However, that part of the order which is being appealed from directed the plaintiff's attorneys to personally pay defendant costs of $20 and directed them to serve a copy of the court's decision on the plaintiff. Clearly the plaintiff has not been aggrieved by that part of the order. Therefore, the appeal is dismissed (see, CPLR 5511).

It should be noted that in the recent case of Wells v Community Hosp. (120 AD2d 584) although the appellant attorney filed a notice of appeal in the plaintiff client's name, this court declined to dismiss the appeal and instead treated the notice of appeal as valid "in the interest of justice". However, in Wells the attorney had a meritorious appeal and this court reversed the order under review insofar as appealed from. On the contrary, in the instant case, the appeal, at the very best, borders on the frivolous and is without any merit. Therefore, there is no basis for declining to dismiss the appeal in the interest of justice. Thompson, J. P., Niehoff, Weinstein and Spatt, JJ., concur.